BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00106-JAM-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $27,400.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On June 4, 2012, the Drug Enforcement Administration (hereafter "DEA") adopted the Approximately $27,400.00 in U.S. Currency (hereafter "defendant currency") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about September 14, 2012, the DEA received a claim from Nicolas Salvatore Mauceli ("Mauceli") asserting an ownership interest in the defendant currency.

2.  The United States represents that it could show at a forfeiture trial that in April of 2011, an officer with the Nevada County Sheriff's Office Narcotics Task Force responded to an internet advertisement placed by an individual looking to

1

Consent Judgment of Forfeiture

purchase ten pounds of indoor marijuana.  The poster of the ad responded with an email address of nmauceli@gmail.com.  Over approximately a year, this officer and Mauceli exchanged emails, text messages and phone calls regarding the purchase of marijuana.

3. The United States could further show at trial that on May 14, 2012, the undercover officer arranged to meet with Mauceli for the purpose of selling him pound quantities of marijuana.  When Mauceli arrived, he told the officer that he wanted to buy ten pounds of marijuana.  The undercover officer asked Mauceli to see the money and Mauceli showed him the defendant currency located in the trunk of his vehicle.  The officer told Mauceli he would go get the marijuana and be back.  The undercover officer and Mauceli then left the scene separately.  The officers surveilling the meeting conducted a vehicle stop after Mauceli left the scene where they arrested Mauceli and located the defendant currency in the trunk of his vehicle.

4. The United States could further show at a forfeiture trial that the defendant currency are forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Nicolas Salvatore Mauceli specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Nicolas Salvatore Mauceli agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Nicolas Salvatore Mauceli hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Nicolas Salvatore Mauceli shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the

forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $25,900.00 of the $27,400.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $1,500.00 of the $27,400.00 in U.S. Currency, together with any interest that has accrued on that amount, shall be returned to potential claimant Nicolas Salvatore Mauceli through attorney Stephen A. Munkelt.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED:  2/8/2013                              /s/ John A. Mendez
                                              JOHN A. MENDEZ
                                              United States District Court Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED:  2/8/2013                              /s/ John A. Mendez
                                              JOHN A. MENDEZ
                                              United States District Court Judge